```
08CV6692
JUDGE CONLON
MAG. JUDGE SCHENKIER
J. N.
```

# Exhibit A

(POLICY)
ATTN: EVON

From: Pete Belson
(708) 205-8337

PAGE 1/17 * RCVD AT 10/30/2008 7:35:15 PM [Central Daylight Time] * SVR:hy9DDDBH * DNIS:52697 * CSID: * DURATION (mm-ss):05-43

Atty. No. 41106

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

2008CH37440
CALENDAR/ROOM 11
TIME 00:00
Class Action

ABC BUSINESS FORMS, INC.,  )
    Plaintiff,  )
                )
    v.  ) Julie Clark
                )
K.B.'Z EATERY, INC., d/b/a  )
CAMILLE'S SIDEWALK CAFÉ  )
and JOHN DOES 1-10,  )
    Defendants.  )

## COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

#### INTRODUCTION

1. Plaintiff ABC Business Forms, Inc., brings this action to secure redress for the actions of defendant K.B.'Z Eatery, Inc. d/b/a Camille's Sidewalk Café in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1


EXHIBIT A

## PARTIES

3. Plaintiff ABC Business Forms, Inc., is a corporation with offices at 5654 N. Elston Avenue, where it maintains telephone facsimile equipment.

4. Defendant K.B.'Z Eatery, Inc is a Illinois corporation that operates Camille's Sidewalk Café 400 North LaSalle, Chicago, Illinois 60610.

5. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

    a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

    b. Have transacted business in Illinois.

## FACTS

7. On April 29, 2008, plaintiff ABC Business Forms, Inc., received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

8. On May 05, 2008, plaintiff ABC Business Forms, Inc., received the unsolicited fax advertisement attached as Exhibit B on its facsimile machine.

9. Discovery may reveal the transmission of additional faxes as well.

10. Defendant K.B.'Z Eatery, Inc is responsible for sending or causing the sending of the faxes.

11. Defendant K.B.'Z Eatery, Inc, as the entity whose products or services

2

PAGE 3/7 * RCVD AT 10/30/2008 7:35:15 PM [Central Daylight Time] * SVR:FAXDDDB/4 * DNIS:52567 * CSID: * DURATION (mm-ss):05-03

were advertised in the faxes, derived economic benefit from the sending of the faxes.

12. Each fax refers to a website used by defendant K.B. 'Z Eatery, Inc.

13. Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

14. The faxes have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

15. On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

16. On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

17. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

18. Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

## COUNT I – TCPA

19. Plaintiff incorporates ¶¶ 1-18.

20. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine..." 47 U.S.C. §227(b)(1)(C).

21. The TCPA, 47 U.S.C. §227(b)(3), provides:

3

PAGE 4/17 * RCVD AT 10/30/2008 7:35:15 PM [Central Daylight Time] * SVR:HVCCDDBM * DNIS:52567 * CSID: * DURATION (mm-ss):05-53

Private right of action.

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

22. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

23. Plaintiff and each class member is entitled to statutory damages.

24. Defendants violated the TCPA even if their actions were only negligent.

25. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

26. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant K.B.'Z Eatery, Inc promoting its goods or services for sale (d) and who were not

4

PAGE 5/17 * RCVD AT 10/30/2008 7:35:15 PM [Central Daylight Time] * SVR:F4QCDCFS4 * DNIS:52567 * CSID: * DURATION (mm-ss):05-53

provided an "opt out" notice as described in 47 U.S.C. §227.

27. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

28. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. The manner in which defendants compiled or obtained their list of fax numbers;

    c. Whether defendants thereby violated the TCPA;

    d. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

    e. Whether defendants thereby converted the property of plaintiff.

29. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

30. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

5

PAGE 6/17 * RCVD AT 10/30/2008 7:35:15 PM [Central Daylight Time] * SVR:FAX90000BM * DNIS:5267 * CSID: * DURATION (mm-ss):05-43

31. Several courts have certified class actions under the TCPA. Sadowski v. Medi Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Kavu, Inc. v. Omnipak Corp., 246 F.R.D. 642 (W.D.Wash. 2007); Gortho, Ltd. v. Websply, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. 2006); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

32. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a.    Actual damages;

    b.    Statutory damages;

    c.    An injunction against the further transmission of unsolicited fax advertising;

    d.    Costs of suit;

PAGE 7/17 * RCVD AT 10/30/2008 7:35:15 PM [Central Daylight Time] * SVR:TJX000BM4 * DNIS:52067 * CSID: * DURATION (mm-ss):05-53

  e. Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

33. Plaintiff incorporates ¶¶ 1-18.

34. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

35. Unsolicited fax advertising is contrary to the TCPA and also Illinois public policy, as set forth in 720 ILCS 5/26-3(b), which makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

36. Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

37. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

38. Defendants engaged in such conduct in the course of trade and commerce.

39. Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E-2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

40. Defendants' shifting of advertising costs to plaintiff and the class members

7

PAGE 9/17 * RCVD AT 10/30/2008 7:35:13 PM [Central Daylight Time] * SVR:THV00DB4 * DNIS:52367 * CSID: * DURATION (mm-ss):05-53

in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

41. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

42. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant K.B.'Z Eatery, Inc. promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

43. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

44. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. Whether defendants thereby violated the TCPA;

    c. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

    d. Whether defendants thereby converted the property of plaintiff.

45. Plaintiff will fairly and adequately protect the interests of the class.

8

PAGE 9/17 * RCVD AT 10/30/2008 7:35:15 PM [Central Daylight Time] * SVR:TYKCCDBFA * DNIS:5256 * CSID: * DURATION (mm-ss):05-43

Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

46. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

47. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a. Appropriate damages;

    b. An injunction against the further transmission of unsolicited fax advertising;

    c. Attorney's fees, litigation expenses and costs of suit;

    d. Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

48. Plaintiff incorporates ¶¶ 1-18.

49. By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

50. Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper

9

PAGE 10/17 * RCVD AT 10/30/2008 7:35:15 PM [Central Daylight Time] * SVR:TK4/CCDB/4 * DNIS:52567 * CSID: * DURATION (mm-ss):05-43

and ink or toner used to print the faxes.

51. By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

52. Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

53. Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

54. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

55. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant K.B. 'Z Eatery, Inc promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

56. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

57. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

10

PAGE 11/17 * RCVD AT 10/30/2008 7:35:15 PM [Central Daylight Time] * SVR:TWX00DBM * DNIS:52567 * CSID: * DURATION (mm-ss):05-53

      a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

      b.    Whether defendants thereby violated the TCPA;

      c.    Whether defendants thereby committed the tort of conversion;

      d.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

      e.    Whether defendants thereby converted the property of plaintiff.

58. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

59. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

60. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

      a.    Appropriate damages;

      b.    An injunction against the further transmission of unsolicited fax

11

PAGE 12/17 * RCVD AT 10/30/2008 7:35:15 PM [Central Daylight Time] * SVR:FX/OCCDBA * DNIS:5256T * CSID: * DURATION (mm-ss):05-43

advertising;

  c. Costs of suit;

  d. Such other or further relief as the Court deems just and proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\21825\Pleading\Complaint_Pleading.wpd

12

PAGE 13/17 • RCVD AT 10/30/2008 7:35:15 PM [Central Daylight Time] • SVR:fax/CCDB4 • DNIS:5256 • CSID: • DURATION (mm-ss):05-63

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

13

PAGE 14/17 * RCVD AT 10/30/2008 7:35:15 PM [Central Daylight Time] * SVR:FAXDDDB/4 * DNIS:52587 * CSID: * DURATION (mm-ss):05-43

# EXHIBIT A




PAGE 16/17 * RCVD AT 10/30/2008 7:35:15 PM [Central Daylight Time] * SVR:hy0CCDBM * DNIS:5267 * CSID: * DURATION (mm-ss):05-43

# EXHIBIT B

48290    From: Prime Time Media 800-862-3803    05/05/08   09:36   Page 1

Case: 1:08-cv-06692 Document #: 1-2 Filed: 11/21/08 Page 18 of 19 PageID #:21



# Camille's sidewalk cafe

## Wraps • Grilled Panini • Sandwiches
## Salads • Coffees • Smoothies
## Pizzas • Soups • Low-Carb Options

**Fax order (312) 329-0909**
**Order online at www.camillescafe.com**
**or call us at (312) 329-9727**



*We Deliver Business Lunch!*

Business Lunches • Birthday Parties • Brunches
Board Meeting • Graduations • Weddings
Conventions • And much more!

**$25 discount on your first order with a $100 minimum.**



**Camille's Sidewalk Cafe**
**400 N. LaSalle St.**
**Chicago, IL 60610**

(To be removed from our database call 1-866-695-9750)

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Notice of Removal was served on all parties of record, by ECF as to Filing Users, at or before 5:00 p.m., on November 21, 2008 to:

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
12- S. LaSalle Street, 18th Floor
Chicago, Illinois 60603

                                                s/ Jeffrey A. Siderius